UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON SPRECKELMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00912-TWP-DML |
| ) | |
| INDIANA STATE POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment filed by Defendant Indiana State Police Department ("ISP") (Filing No. 51). Following a motion for summary judgment filed by ISP, the Court entered summary judgment in favor of ISP on Plaintiff Shannon Spreckelmeyer's ("Spreckelmeyer") claim for retaliation under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, but denied summary judgment on Spreckelmeyer's claim for sex discrimination under Title VII (Filing No. 49). ISP asks the Court to reconsider the summary judgment Order regarding the sex discrimination claim. For the following reasons, the Court **DENIES** the Motion to Alter or Amend Judgment.

**I. LEGAL STANDARD**

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).  Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e).  *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009).  The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).  The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).  A manifest error "is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II.  DISCUSSION

ISP asks the Court to reconsider its summary judgment decision regarding Spreckelmeyer's sex discrimination claim brought pursuant to Title VII. ISP explains that the Court erred in determining that Spreckelmeyer suffered an adverse employment action based on the Court's distinction of this case from *Jones v. City of Springfield*, 554 F.3d 669 (7th Cir. 2009), which was relied upon by ISP in its summary judgment motion.

In its request for reconsideration, ISP seems to ask the Court to view the designated evidence in a light more favorable to ISP or to weigh the conflicting designated evidence. However, the well-established standard for summary judgment is that the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor," *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted), and does not weigh the evidence. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

ISP argued in its summary judgment briefing, and argues again in its pending Motion, that *Jones* established that an employer is not required to create a new job vacancy in order to avoid liability under Title VII, and that Title VII does not mandate the creation of new positions. ISP reminds the Court of the designated evidence that shows a civilian position was not available at the time that Spreckelmeyer retired from ISP and desired to be transitioned from a trooper position to a civilian position. ISP then takes issue with the way that the Court viewed the designated

3

evidence and argues that the designated evidence puts this case on all fours with *Jones*, which should result in summary judgment in favor of ISP on the sex discrimination claim.

However, in its Motion to Alter or Amend Judgment, ISP ignores key points from the *Jones* decision that this Court relied upon, which were important in the Court's analysis and in *Jones*' distinguishing facts. The Court noted these key points in its summary judgment Order: "In rare cases, the decision not to create a position can be discriminatory, but there must be evidence showing that the decision was [impermissibly] motivated." "All Jones can prove is that the practice of early promotions exists. He has not shown, for example, that it was used only to promote black officers," and "as the district court explained, Jones has not presented evidence showing that the [later-created] vacancy was ever filled." (Filing No. 49 at 15 (quoting *Jones*, 554 F.3d at 672, 673).)

Spreckelmeyer designated evidence that either showed or gave rise to a reasonable inference that ISP's lack of an open, available position at the time of Spreckelmeyer's retirement was because of discrimination. Spreckelmeyer's designated evidence showed a practice of converting trooper positions to civilian positions. The designated evidence also showed that only men had been placed into converted civilian positions. Spreckelmeyer's designated evidence also showed that the later-created vacancy that she desired was filled by a male. These are all facts and reasonable inferences that distinguish this case from *Jones*.

ISP further argues that "[t]he evidence in this case shows that the male employees referenced by Spreckelmeyer applied for positions that were already available, interviewed and were then hired. Spreckelmeyer was asked to follow that same policy as applied to the men she alleges were given preferential treatment." (Filing No. 52 at 5.) ISP then fleetingly acknowledges the preferential treatment that was given to Mark Keisler, Spreckelmeyer's comparator, who did

4

not have to apply or interview for the converted civilian position that was provided to him, and ISP understandably downplays the significance of these facts. But ISP ignores the additional designated evidence that showed funding and a position were moved from Spreckelmeyer's division to Keisler's division to allow Keisler to be retained at ISP as a civilian employee. As Spreckelmeyer points out in her Response to ISP's Motion, the additional evidence regarding Keisler's preferential treatment was important to the Court's decision that summary judgment was inappropriate on the sex discrimination claim.

In its summary judgment Order, the Court determined that "[t]he designated evidence, viewed in the light most favorable to Spreckelmeyer as the non-movant, shows a dispute of material fact regarding whether Spreckelmeyer suffered an adverse employment action, and thus, the resolution of this issue should be decided at trial, not on summary judgment." (Filing No. 49 at 16.) While the designated evidence suggests that this may be a close case at trial, given the summary judgment standard, the evidence did not support summary judgment in favor of ISP.

The Court notes that the Seventh Circuit very plainly explained:

> [I]t is not true that to get over the hurdle of summary judgment a plaintiff must produce the equivalent of an admission of guilt by the defendant. All that is required is evidence from which a rational trier of fact could reasonably infer that the defendant had fired the plaintiff because the latter was a member of a protected class.

*Troupe v. May Dep't Stores Co.*, 20 F. 3d 734, 737 (7th Cir. 1994).

Furthermore, the Seventh Circuit very recently reaffirmed and clarified that regardless of whether a plaintiff uses the direct method, indirect method, or both methods of proof for her employment discrimination claim, "the legal standard . . . is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner*

*Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The sole question that matters is whether a reasonable juror could conclude that the plaintiff would have kept her job (or as in this case, allowed a converted civilian position) if she was a different sex and everything else had remained the same. *See Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe*, 20 F.3d at 736–37. ISP demands more of Spreckelmeyer at the summary judgment stage than what is required by law. Spreckelmeyer has designated sufficient evidence to allow her claim for sex discrimination to be decided by a jury, not by the Court on summary judgment.

In its Motion to Alter or Amend Judgment, ISP simply demonstrated its disappointment in the summary judgment ruling, not a manifest error of law or fact that would warrant alteration of or amendment to the summary judgment Order.

### III.  CONCLUSION

For the foregoing reasons, Defendant Indiana State Police Department's Motion to Alter or Amend Judgment (Filing No. 51) is **DENIED**.

**SO ORDERED.**

Date: 1/4/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Craig M. Williams
FOX WILLIAMS & SINK LLC
cwilliams@fwslegal.com

Ryan Patrick Sink
FOX WILLIAMS & SINK LLC
rsink@fwslegal.com

Nikki G. Ashmore
INDIANA ATTORNEY GENERAL'S OFFICE
Nikki.Ashmore@atg.in.gov

Betsy M. Isenberg
INDIANA ATTORNEY GENERAL'S OFFICE
Betsy.Isenberg@atg.in.gov