UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON SPRECKELMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-00912-TWP-DML |
| ) | |
| INDIANA STATE POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTIONS IN LIMINE

This matter is before the Court on Plaintiff Shannon Spreckelmeyer's ("Spreckelmeyer") Motion in *Limine* (Filing No. 57) and Defendant Indiana State Police Department's ("ISP") Motion in *Limine* (Filing No. 64) to exclude certain evidence and testimony at trial. Spreckelmeyer's claim against ISP for sex discrimination under Title VII of the Civil Rights Act of 1964 is set for a jury trial scheduled to begin on February 6, 2017. Spreckelmeyer asks the Court to exclude evidence regarding post-employment and mitigation income as well as the EEOC dismissal and notice of right to sue. ISP asks the Court to exclude evidence that falls within thirteen specific categories. For the following reasons, Spreckelmeyer's Motion in *Limine* is **granted**, and ISP's Motion in *Limine* is **granted in part and denied in part**.

### I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until

trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Each party has requested an order in *limine* to prohibit the introduction of certain testimony and evidence at trial. The Court will address the parties' Motions in turn.

### A. Spreckelmeyer's Motion in *Limine*

Spreckelmeyer first asserts that evidence of Spreckelmeyer's post-employment and mitigation income should not be presented to the jury because this evidence is irrelevant, prejudicial, and confusing to the jury because the equitable remedy of back pay is a determination of the Court. *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500–01 (7th Cir. 2000).

Responding to Spreckelmeyer's Motion in *Limine*, ISP notes that it "has no objection to precluding evidence regarding Spreckelmeyer's post-employment and mitigation income as it is also ISP's position that Spreckelmeyer should be precluded from presenting any evidence related to the award of back or front pay until such a time that a determination has been made as to liability." (Filing No. 73 at 1.)

Next, Spreckelmeyer asserts that evidence of the Equal Employment Opportunity Commission's ("EEOC") "Notice of Dismissal and Right to Sue" following Spreckelmeyer's EEOC charge of discrimination should be excluded from trial because such evidence is not relevant and would be substantially and unfairly prejudicial to her case. The introduction of such evidence could lead the jury to improperly believe that a determination regarding the claims already has been made. In support of her argument, Spreckelmeyer points to *Lewis v. City of*

2

*Chicago*, 563 F. Supp. 2d 905, 919–20 (7th Cir. 2008); *Tulloss v. Near North Montessori Sch., Inc.*, 776 F.2d 150, 153–54 (7th Cir. 1985); and *Latham v. Department of Children and Youth Services*, 172 F.3d 786, 791–92 (11th Cir. 1999) (exclusion of EEOC determination is proper in jury trials). In response to this argument, ISP explains that it "has no objection to precluding evidence regarding the EEOC notice of dismissal and right to sue." (Filing No. 73 at 1.)

Spreckelmeyer's arguments are well-taken, and thus, based on the case law provided by Spreckelmeyer and ISP's lack of objection to the exclusion of such evidence, the Court **GRANTS** Spreckelmeyer's Motion in *Limine* to exclude evidence regarding Spreckelmeyer's post-employment and mitigation income and the EEOC's Notice of Dismissal and Right to Sue.

**B.**  **ISP's Motion in *Limine***

ISP requests an order in *limine* covering thirteen categories of testimony and evidence.

1. Settlement Negotiations

Pointing to Federal Rule of Evidence 408 and *Kritikos v. Palmer Johnson, Inc.*, 821 F.2d 418, 423 (7th Cir. 1987), ISP asserts that evidence of offers to compromise or statements made in settlement negotiations are inadmissible. "Accordingly, the Court should prohibit any reference by any of the parties or witnesses to settlement negotiations which have taken place in connection with this matter." (Filing No. 65 at 1.) Spreckelmeyer has no objection to the exclusion of such evidence. Therefore, the Court **GRANTS** ISP's request to exclude evidence of settlement negotiations.

2. Other Lawsuits Involving ISP

Under Rules 401, 402, and 403 of the Federal Rules of Evidence, ISP explains that evidence of any other lawsuits in which ISP has been named as a defendant is irrelevant, unfairly prejudicial, confusing, and a waste of time and should therefore be excluded. Spreckelmeyer has no objection

to the exclusion of such evidence. Therefore, the Court **GRANTS** ISP's request to exclude evidence of other lawsuits in which ISP has been named as a defendant.

3. Allegations of Misconduct by Other State Agencies

Again pursuant to Federal Rules of Evidence 401, 402, and 403, ISP asks the Court to "bar all parties from referring to other police misconduct, criminal investigations, or publicized scandals or such allegations of misconduct against other State agencies and/or officials not connected to the allegations in this case." (Filing No. 65 at 2.) ISP asserts that such irrelevant evidence would only serve to inflame the jury against ISP. Spreckelmeyer has no objection to the exclusion of such evidence. Thus, the Court **GRANTS** ISP's request to exclude evidence of allegations of misconduct by other state agencies and further directs the parties to instruct their witnesses to not attempt to offer such testimony or evidence.

4. ISP's Alleged Failure to Call Witnesses or Present Evidence

ISP asks the Court to prohibit the parties from telling the jury that ISP is hiding evidence by choosing not to call a particular witness or present certain evidence because Spreckelmeyer bears the burden of proving her case. ISP asserts that it has no obligation to put on a defense or call witnesses in order to support a verdict in its favor. ISP is under no duty to call any witnesses at trial, and any argument in this regard would improperly shift the burden of proof.

Spreckelmeyer responds that she does not object "to the extent either party cannot use the failure to call witnesses or present evidence as proof of hiding evidence from the jury. However, both parties are free to explain to the jury what evidence was presented and what evidence did not come into the record." (Filing No. 72 at 1.)

The Court agrees that any evidence or testimony suggesting that choosing not to call a particular witness or present certain evidence connotes that a party is hiding evidence is irrelevant

and unfairly prejudicial. Accordingly, the Court **GRANTS** ISP's request to exclude evidence that a failure to call a particular witness or present certain evidence suggests that a party is hiding evidence.

    5. <u>ISP's Motion for Summary Judgment and the Court's Order</u>

Based upon relevancy and confusion of the jury, ISP argues that the Court should exclude all evidence and testimony regarding the motion for summary judgment filed by ISP and the Court's Order on that motion. ISP asserts that the jury may be influenced by improper inferences, which the jury might draw from the Court's decision if such evidence is introduced at trial. The jury's decision should be based on the evidence presented at trial, not on the Court's summary judgment Order. Spreckelmeyer has no objection to the exclusion of such evidence. Therefore, the Court **GRANTS** ISP's request to exclude evidence of ISP's motion for summary judgment and the Court's summary judgment Order.

    6. <u>Testimony by Spreckelmeyer as to Her Prior Allegations that She was Subjected to Gender Discrimination during Her Application Process for a Civilian Position</u>

In her Complaint, Spreckelmeyer alleged that ISP discriminated against her because of her gender when she was not selected for a laboratory manager position in August 2014. By stipulation of partial dismissal, Spreckelmeyer agreed to dismiss her allegations that she was subjected to gender discrimination when ISP chose not to hire her for this position. ISP argues that introduction of evidence of the dismissed claim would be unfairly prejudicial and would confuse the issues before the jury. Furthermore, such evidence is irrelevant and thus inadmissible. Again, Spreckelmeyer has no objection to the exclusion of such evidence, and thus, the Court **GRANTS** ISP's request to exclude evidence of Spreckelmeyer's voluntarily dismissed claim of gender discrimination based on not being selected for a laboratory manager position in August 2014.

7. <u>Testimony by Any Other Employee Previously Terminated by, Resigned from, or Who Unsuccessfully Applied for a Position with ISP Regarding the Particulars of Their Termination, Resignation, or Interview Process</u>

ISP argues that testimony should be excluded from any witness who was previously terminated or resigned from ISP or who unsuccessfully interviewed for a position with ISP and who attribute these actions to their gender. ISP asserts that such testimony is not relevant to Spreckelmeyer's claim because she has not alleged a "pattern or practice" claim. Allowing such irrelevant testimony would confuse the issues, confuse the jury, and unduly delay the trial. Such would also constitute an unfair prejudice to ISP. Spreckelmeyer noted that she has no objection to the exclusion of such evidence, so the Court **GRANTS** ISP's request to exclude this testimony and evidence from trial.

8. <u>Reference to Spreckelmeyer's Prior Discrimination Lawsuit Against ISP in Cause No. IP97-529-C-T/G</u>

ISP notes that in April 1997 Spreckelmeyer filed a complaint against ISP alleging a violation of Title VII of the Civil Rights Act of 1964, specifically alleging gender discrimination. ISP asserts that, while Spreckelmeyer alleged a violation of Title VII in her previous lawsuit and again in this lawsuit, the underlying factual allegations and witnesses involved in the two cases are in no way related. Because of this, any testimony regarding the existence of a prior suit of gender discrimination or the outcome of the earlier suit is not relevant to whether Spreckelmeyer was subjected to gender discrimination in the instant case. This evidence would be unfairly prejudicial and cause unnecessary delays. It would also confuse the issues and the jury. Spreckelmeyer has no objection to the exclusion of such evidence. Therefore, the Court **GRANTS** ISP's request to exclude evidence of Spreckelmeyer's prior discrimination lawsuit against ISP in cause number IP97-529-C-T/G.

9. Reference to Front Pay and Back Pay

Similar to Spreckelmeyer's argument regarding back pay, ISP explains that front pay and back pay are equitable remedies that are determined by the Court following a determination of liability. These issues are not presented to the jury. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 866 (7th Cir. 2003) (back pay); *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998) (front pay). The Seventh Circuit has explained that entitlement to and the amount of front and back pay are equitable issues to be decided by the court rather than the jury. *See Price v. Marshall Erdman & Assocs.*, 966 F.2d 320, 324 (7th Cir. 1992). In response to ISP's argument, Spreckelmeyer noted that she has no objection to the exclusion of such evidence, or "[a]t the Court's preference, Spreckelmeyer can present evidence of front pay and back pay after the jury's verdict or outside of the jury's presence." (Filing No. 72 at 2.) For the sake of ease during trial and to reduce the amount of necessary sidebars outside the presence of the jury, the Court **GRANTS** ISP's request to exclude evidence of any front pay and back pay during the jury trial.

10. Any Self-serving Opinion Testimony by Spreckelmeyer of How ISP's HR and Fiscal Policies Operate

ISP explains that it anticipates Spreckelmeyer will testify that she believes ISP has a human resources policy of converting trooper positions to civilian positions in order to retain certain male troopers after they retire from their law enforcement positions. ISP also anticipates that Spreckelmeyer will testify about how she believes ISP can or should allocate funding between trooper and civilian positions. ISP asserts that such statements would be self-serving, and Spreckelmeyer does not have personal experience in or knowledge of the fiscal division or human resources. ISP asserts that any such testimony from Spreckelmeyer would be inadmissible hearsay under Rule 801. ISP also points to *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848

7

(7th Cir. 1992) for the proposition that self-serving statements in the employment context have been found to be inadmissible when they are insufficient to contradict an employer's assessment.

In response,

> Spreckelmeyer objects on multiple grounds. First, Spreckelmeyer personally observed numerous male employees transition seamlessly from merit to civilian in the Laboratory Division. As such, her testimony is not opinion, but rather fact-testimony. Second, Defendant's request essentially seeks to delete Fed. R. Evid. 701, which allows opinion testimony of lay witnesses so long as the opinion testimony is rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Spreckelmeyer's opinion testimony about the conversion process falls squarely within the confines of Fed. R. Evid. 701.

([Filing No. 72 at 2](#)–3.)

The fact that a party offers testimony that is "self-serving" does not in itself make such testimony inadmissible. Parties, of course, will offer evidence and testimony to help their cause. ISP's reliance on *Gustovich* is not particularly helpful here because the exclusion of "self-serving" testimony in that case was in the context of determining pretext and was based on the plaintiffs' opinions of their own ability in contrast to the employer's opinion of their ability. The plaintiffs' differing opinions about their personal abilities were irrelevant to the question of whether the employer's proffered reason for an employment action was honest. Here, the anticipated "self-serving" testimony concerns facts observed by Spreckelmeyer and her assessment regarding those facts. The anticipated testimony appears to be based on Spreckelmeyer's perception and would be helpful to understand her testimony and to determine a fact in issue. It appears that the anticipated testimony is not based on scientific, technical, or other specialized knowledge. Therefore, at this stage, based on the high standard for excluding evidence on a motion in *limine* (*i.e.* the evidence clearly is not admissible for any purpose), the Court **DENIES** ISP's request to exclude

Spreckelmeyer's anticipated testimony regarding ISP's alleged policy of converting trooper positions to civilian positions and allocating funding between trooper and civilian positions.

11. <u>Any Evidence of EEOC Charges or Other Actions Not Involving Spreckelmeyer</u>

ISP asserts that any other allegations of discrimination asserted, filed, or settled against ISP would have arisen under different factual circumstances and would have involved different supervisors and decision makers, and thus, any probative value they may have is substantially outweighed by their prejudicial effect against ISP. ISP further explains that, if such evidence is offered to prove that ISP has a propensity to discriminate or harass, such evidence is barred by Rule 404 of the Federal Rules of Evidence. Thus, any other actions taken by the EEOC or other federal agencies against ISP should be excluded. Spreckelmeyer has no objection to the exclusion of such evidence; therefore, the Court **GRANTS** ISP's request to exclude any evidence of EEOC charges or other actions not involving Spreckelmeyer.

12. <u>"Golden Rule" Arguments</u>

ISP asks the Court to prohibit Spreckelmeyer and her counsel from asking the jury to stand in Spreckelmeyer's shoes—a practice known as the "Golden Rule" argument. "[A] 'Golden Rule' appeal in which the jury is asked to put itself in [a party's] position is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (citation and quotation marks omitted); *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (Golden Rule remark is "clearly improper"). Spreckelmeyer has no objection to the exclusion of "Golden Rule" arguments. The Court **GRANTS** ISP's request to exclude any "Golden Rule" arguments. Both parties are to refrain from asking the jury to stand in the parties' shoes.

13. <u>Reference to Emotional Damages</u>

ISP asserts that, throughout the life of this litigation, Spreckelmeyer has not provided a sufficient factual basis to support a claim for emotional distress or damages nor has she provided any causal connection between any emotional distress and the actions of ISP. ISP explains that Spreckelmeyer has never disclosed a calculation or computation of emotional damages, and thus, ISP cannot determine how Spreckelmeyer alleges she was emotionally damaged and to what extent. As a result, ISP is unfairly prohibited from preparing a defense to a claim for emotional damages. Therefore, ISP argues, any evidence or testimony regarding emotional damages should be excluded.

In response, Spreckelmeyer explains that she requested compensatory damages in her Complaint, and compensatory damages include emotional pain and suffering in Title VII cases. *See* 42 U.S.C. § 1981a(b) (compensatory damages include "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"). Spreckelmeyer asserts that ISP's argument that medical evidence is necessary to support a claim for emotional damages contradicts case law. However, ISP did not make this argument and in fact explained that medical evidence is not necessary to support such a claim. Spreckelmeyer points to numerous cases outside this District that have held that a specific computation of emotional damages is not required to pursue a claim for emotional damages. Additionally, Spreckelmeyer points to testimony from her deposition that provided ISP a detailed basis for her assertions of emotional distress and damages. Because of the high standard for excluding evidence on a motion in *limine* (*i.e.* the evidence clearly is not admissible for any purpose), the Court **DENIES** ISP's request to exclude any references to emotional damages because ISP has failed to show that such evidence clearly is not admissible for any purpose.

### III. CONCLUSION

For the foregoing reasons, the Court **grants** Spreckelmeyer's Motion in *Limine* ([Filing No. 57](#)) and **grants in part and denies in part** ISP's Motion in *Limine* ([Filing No. 64](#)). An order in *limine* is not a final, appealable order. If Spreckelmeyer or ISP believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury.

**SO ORDERED.**

Date: 1/11/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Craig M. Williams
FOX WILLIAMS & SINK LLC
cwilliams@fwslegal.com

Ryan Patrick Sink
FOX WILLIAMS & SINK LLC
rsink@fwslegal.com

Nikki G. Ashmore
INDIANA ATTORNEY GENERAL'S OFFICE
Nikki.Ashmore@atg.in.gov

Betsy M. Isenberg
INDIANA ATTORNEY GENERAL'S OFFICE
Betsy.Isenberg@atg.in.gov